UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KATHERINE HASECKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-82 |
| | ) | |
| AUTO-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 22.)  As the proposed order contains two major defects, it will be DENIED.

First, the order's definition of "Confidential Information" is impermissibly broad.  It encompasses all "documents and information containing confidential and/or proprietary interests (including but not limited to claims manuals providing claims handling policies and procedure for agents and adjusters pertaining to underinsured motorist coverage issues for the period of time 1995 through the current date, and any revisions to said policy, manuals and procedures)." (Proposed Stipulated Protective Order at 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the proposed protective order provides no basis for finding good cause.  Instead, the order contains an expansive definition of "Confidential Information" lacking in necessary specifics.  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see also MRS*

*Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the definition of "Confidential Information" in the order incorporates the phrase "including but not limited to," which encompasses information outside the scope of any proposed demarcated category in the order. (Proposed Stipulated Protective Order at 1.)  Thus, the Court is not satisfied that the parties know what information constitutes protected "Confidential Information." *See Cincinnati Insurance*, 178 F.3d at 946.

Furthermore, the proposed order makes no effort to specify why the purported protected materials are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Second, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the

2

secreting of particular documents." *Id.*  Here, the proposed order contains no such language.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties (Docket # 22).

SO ORDERED.

Enter for this 8th day of February, 2007.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge